UNITED STATE BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

AHMET JOHN BEDIZEL,

      Debtor.

_____/

Case No: 6:15-bk-04605-CCJ
Chapter 7

CARLA P. MUSSELMAN, TRUSTEE,

      Plaintiff,

vs.

AMERIFUNDS DIVERSIFIED FUNDING,
LLC, a Limited Liability Company registered
in the State of Arizona,

      Defendant.

_____/

Adv. Pro. No. 6:16-ap-34-CCJ

## DEFENDANT, AMERIFUNDS DIVERSIFIED FUNDING, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW**, **AMERIFUNDS DIVERSIFIED FUNDING, LLC** ("Amerifunds"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses, and as grounds therefore states as follows:

ANSWER

    1.    Admitted.

    2.    Admitted.

    3.    Amerifunds denies sufficient knowledge or information so as to form an answer as to the allegations contained in Paragraph 3 and accordingly demands strict proof thereof.

    4.    Admitted.

    5.    Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied, as the balloon payment was eliminated by oral modification of Amerifunds and Debtor, Ahmet John Bedizel.

10. Denied, as the Mortgage Deed and Note were recorded in Official Records Book 5316, Page 3264-3266 of the Public Records of Brevard County, Florida.

11. Admitted.

12. Admitted.

13. Admitted.

14. Amerifunds denies sufficient knowledge or information so as to form an answer as to the allegations contained in Paragraph 14 and accordingly demands strict proof thereof.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Amerifunds re-alleges and incorporates its responses to Paragraphs 1 through 18 above.

20. Amerifunds denies sufficient knowledge or information so as to form an answer as to the allegations contained in Paragraph 20 and accordingly demands strict proof thereof.

21. Amerifunds denies sufficient knowledge or information so as to form an answer as to the allegations contained in Paragraph 21 and accordingly demands strict proof thereof.

22. Denied.

23. Denied, as the recorded Mortgage Note and Mortgage Deed are sufficient to place a bona fide purchaser on inquiry notice.

24. Denied, as the statute of limitations for bringing a foreclosure action is 5 years from the date the cause of action accrued.

25. Admitted as to the allegations that Amerifunds never filed an action to foreclose its Mortgage Deed against Debtor, Ahmet John Bedizel, but denied as to the allegations that Amerifunds is barred from foreclosing its Mortgage Deed pursuant to § 95.11(2)(c), Fla. Stat. (2016).

26. Denied.

## AFFIRMATIVE DEFENSES

### Background

1. On or about June 4, 2004, Ahmet John Bedizel ("Debtor"), made, executed, and delivered a Mortgage Note and Mortgage Deed securing payment of the Mortgage Note, which were recorded in Official Records Book 5316, Pages 3264-3266 of the Public Records of Brevard County, Florida, which mortgaged the real property described therein.

2. It is undisputed that Amerifunds is the owner and holder of the Mortgage Note and Mortgage Deed by virtue of the Assignment of Mortgage executed on or about August 30, 2007, and recorded in Official Records Book 5814, Pages 2788-2790 of the Public Records of Brevard County, Florida.

3. Pursuant to the original terms of the Mortgage Note, a balloon payment was due on June 4, 2009.

4. Prior to June 4, 2009, Debtor contacted Amerifunds about working out a resolution that would allow him to stay out of foreclosure and keep the subject property. In an

effort to help Debtor, Amerifunds agreed to eliminate the balloon, and continue to accept payments from Debtor rather than foreclose.  Further, modification documents were not prepared in order to keep Debtor's costs at a minimum.  Accordingly, Debtor continued to make regular monthly payments beyond June 4, 2009 until he defaulted on said payments on January 4, 2015, and filed his bankruptcy action shortly thereafter on May 27, 2015.

<u>Debtor and Amerifunds Agreed to an Oral Modification of the Loan Documents</u>

5. "Any contract, however made or evidenced, can be discharged or modified by subsequent agreement of the parties." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004). "There is solid support for the principle that written contracts can be modified by subsequent oral agreement of the parties, even though the written contract purports to prohibit such modification." *Pan Am. Eng'g Co., Inc. v. Poncho's Const. Co.*, 387 So. 2d 1052, 1053 (Fla. 5th DCA 1980).  Furthermore, "Under Florida law, the parties' subsequent conduct also can modify the terms in a contract." *St. Joe Corp. v. McIver*, 875 So. 2d 375, 382 (Fla. 2004).

6. As previously stated, the Debtor and Amerifunds mutually agreed to orally modify the Mortgage Deed.  Notably, neither the Mortgage Note nor the Mortgage Deed contains a clause prohibiting oral modifications to the loan documents.  Amerifunds agreed not to file a foreclosure action, and to eliminate the June 4, 2009 balloon payment, and Debtor agreed to continue to make his monthly payments.  Despite the lack of a recorded mortgage modification, the parties' conduct demonstrates that a mortgage modification did in fact occur.  This modification is evidenced by Debtor continuing to make payments for over 5 years past June 4, 2009 until he finally defaulted on the payment due on January 4, 2015.  A copy of the Payment History is attached hereto and incorporated by reference as **Exhibit "A."**  Likewise Amerifunds accepted those payments, and did not file a foreclosure action against Debtor,

thereby demonstrating its assent to the oral modification. Clearly, both Debtor and Amerifunds ratified the oral modification of the loan documents with their conduct.

## The Statute of Limitations Has Not Lapsed

7. Plaintiff claims the Mortgage Deed is void because the statute of limitations for bringing a mortgage foreclosure action has lapsed, however, the statute of limitations in this matter has not yet started.

8. The statute of limitations on an action to foreclose a mortgage is 5 years. § 95.11, Fla. Stat. (2016). A cause of action accrues when the last element constituting the cause of action occurs. § 95.031, Fla. Stat. (2016). "[A] cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until an action may be brought." *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996). "When the promissory note secured by the mortgage contains an optional acceleration clause, the foreclosure cause of action accrues, and the statute of limitations begins to run, on the date the acceleration clause is invoked. . .." *Smith v. F.D.I.C.*, 61 F.3d 1552, 1561 (11th Cir. 1995). "To constitute an acceleration after default, where the holder has the option to accelerate, the holder or payee of the note must take some clear and equivocal action indicating its intent to accelerate all payments under the note, and such action should apprise the maker of the fact that the option to accelerate has been exercised. *Cent. Home Trust. Co. of Elizabeth v. Lippincott*, 392 So. 2d 931, 933 (Fla. 5th DCA 1980). "Examples of acceleration are a creditor's sending written notice to the debtor, making an oral demand, and alleging acceleration in a pleading filed in a suit on the debt." *Id*.

9. The Mortgage Note and Mortgage Deed in this action contain optional acceleration clauses. As stated in the Mortgage Deed,

> If any sum of money herein referred to be not promptly paid within
> 30 days next after the same becomes due, or if each and every the

    agreements, stipulations, conditions and covenants of said note and this mortgage, or either, are not fully performed, complied with and abided by, then the entire sum mentioned in said note, and this mortgage, or the entire balance unpaid thereon, shall forthwith or thereafter, at the option of the mortgagee, become and be due and payable any thing in said note or herein to the contrary notwithstanding.  [sic].

10.    Likewise, the Mortgage Note states,

    If default be made in the payment of any of said sums or interest or in the performance of any agreements contained herein or in said mortgage, and if such default is not made good within 30 days, then, at the option of the holder of the same, the principal sum then remaining unpaid with accrued interest shall immediately become due and collectible without notice. . ..

11.    As stated previously, the loan documents were modified to eliminate the June 4, 2009 balloon payment so that Debtor could continue making payments.  Accordingly, the five year statute of limitations did not begin to run on June 4, 2009.  Instead, Debtor continued making payments until he failed to make the payment due on January 4, 2015.  However, since the loan documents contain optional acceleration clauses, a cause of action for mortgage foreclosure cannot accrue until Amerifunds accelerates the debt by taking some clear action indicating intent to accelerate, such as by filing suit declaring the entire amount due and owing. Amerifunds has not brought a mortgage foreclosure action against Debtor, and has not taken any other clear action evidencing intent to accelerate.  Accordingly, Amerifunds's cause of action against Debtor for mortgage foreclosure has not yet accrued and the statute of limitations has not yet started.

<u>The Mortgage Deed is Not Voidable Pursuant to 11 U.S.C. §544</u>

12.    "Simply put, § 544(a)(3), permits a trustee to avoid any. . .obligation incurred by the debtor, that would be voidable by a bona fide purchaser of the property." *In re Sperry*, 101 B.R. 767, 768-69 (Bankr. M.D. Fla. 1989).

13. "To be a bona fide purchaser, three conditions must be satisfied. The purchaser must have (1) acquired the legal title to the property in question, (2) paid value therefore, and (3) *been innocent of knowledge of the equity against the property at the time when consideration was paid and title acquired.*" *DGG Dev. Corp. v. Estate of Capponi*, 983 So. 2d 1232, 1234 (Fla. 5th DCA 2008) (emphasis added).

14. Implied notice, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use. . .." *Sapp v. Warner*, 141 So. 124, 127 (Fla. 1932).

15. "First. . .for the duty of inquiry presumptively to arise, 'the circumstances must be such as should reasonably suggest inquiry.'" *Smith v. F.D.I.C.*, 61 F.3d 1552, 1558 (11th Cir. 1995). "Second, even if the circumstances suggest inquiry, 'if the search, even though not conducted, was certain to be futile,' the presumption of the duty to inquire is rebutted, and 'no notice should be imputed.'" *Id.*

16. Inquiry notice prevents a person from remaining, "[W]illfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand." *Sapp v. Warner*, 141 So. 124, 127 (Fla. 1932).

17. Plaintiff cannot rely on 11 U.S.C. § 544 to avoid the subject Mortgage Deed because it is not voidable by a bona fide purchaser. The instant case is not one where a mortgage was unrecorded, thereby causing a bona fide purchaser to have no notice whatsoever of a mortgagee's interest in a property. Here, the circumstances are such that inquiry is reasonably suggested. It is undisputed that the Mortgage Deed between Debtor and Amerifunds is of record. The absence of a release, satisfaction, and foreclosure action imposes a duty on a bona fide purchaser to inquire about the status of the Mortgage Deed on the property. Both Debtor and

Amerifunds agreed to the oral modification to the loan documents. Accordingly, no release, satisfaction, or pending foreclosure action of record were necessary. An inquiry by a bona fide purchaser would not be futile and would lead to the discovery of the oral modification of the loan documents. The existence of the oral modification is readily ascertainable. Failing to investigate is tantamount to remaining willfully ignorant. The Mortgage Deed is not voidable by a bona fide purchaser. Accordingly, Plaintiff is not entitled to avoid the Mortgage Deed.

18. The debt owed to Amerifunds has not been satisfied. Voiding the Mortgage Deed would be inequitable and would discourage parties from amicably resolving issues without availing themselves of the court system.

19. In light of the foregoing, Amerifunds respectfully requests that the Court find that Amerifunds and Debtor orally modified the subject loan documents and that Debtor had been paying in accordance with the new agreement, that the statute of limitations for bringing an action to foreclose the Mortgage Deed has not lapsed, and a determination that the Mortgage Deed is a superior lien on the subject property.

20. All other grounds may be argued *ore tenus*.

**WHEREFORE**, Defendant, **AMERIFUNDS DIVERSIFIED FUNDING, LLC,** respectfully requests that: 1) the Court find that Amerifunds and Debtor orally modified the subject loan documents and that Debtor had been paying in accordance with the new agreement; 2) that the statute of limitations for bringing an action to foreclose the Mortgage Deed has not lapsed; 3) determine that Amerifunds's Mortgage Deed is a superior lien on the subject property; and 4) any other relief this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered to all other parties by the Electronic Filing this 3rd day of June, 2016.

/s/ Leah H. Mayersohn
Leah H. Mayersohn, Esq.
Florida Bar No. 0009059
Mayersohn Law Group, P.A.
101 N.E. 3rd Avenue, Suite 1250
Fort Lauderdale, FL 33301
(954) 765-1900 (Phone)
(954) 713-0702 (Fax)
Primary: service@mayersohnlaw.com
Secondary: lmayersohn@mayersohnlaw.com
Attorneys for Defendant, AMERIFUNDS DIVERSIFIED FUNDING, LLC